1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TURNER, | CASE NO.   1:10-cv-00564-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| MEDICAL DEPARTMENT OF FRESNO COUNTY JAIL, | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendant. | |

_____/

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

      On April 1, 2010, Plaintiff Brian Turner, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint (ECF No. 1) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

III.   **SUMMARY OF COMPLAINT**

Plaintiff names the Medical Department of the Fresno County Jail as the sole Defendant in this case and alleges the following:

Plaintiff's leg became infected during his incarceration at the jail.  As treatment a two inch section of Plaintiff's leg was "lanced out . . . ."  A short time afterwards, Plaintiff stopped receiving follow up medical care.  The medical department did not respond to Plaintiff's repeated requests that his bandages be changed.  As Plaintiff made his requests, the "lanced" area of his leg was still an open wound and therefore could have become infected.  (Compl. at 3.)

///

2

1

2

3

**IV.   ANALYSIS**

4

        To state a claim under Section 1983, a plaintiff must allege two essential elements:

5

(1) that a right secured by the Constitution or laws of the United States was violated and

6

(2) that the alleged violation was committed by a person acting under the color of state law.

7

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

8

        A complaint must contain "a short and plain statement of the claim showing that the

9

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

10

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

11

mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

12

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

13

forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

14

face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant

15

committed misconduct and, while factual allegations are accepted as true, legal

16

conclusions are not.  Id. at 1949-50.

17

        Plaintiff has alleged that the Medical Department of the Fresno County Jail, a

18

municipal entity, provided constitutionally deficient medical care.

19

20

        **A.   Municipal Liability**

21

        A local government unit may not be held responsible for the acts of its employees

22

under a respondeat superior theory of liability.  Monell v. Department of Social Services,

23

436 U.S. 658, 691 (1978).  Rather, a local government unit may only be held liable if it

24

inflicts the injury complained of through a policy or custom.  Waggy v. Spokane County

25

26

27

Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

A local government entity can be sued under section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." Edgerly v. City and County of San Francisco, 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell, 436 U.S. at 690).

A municipality can be held liable under section 1983 under three theories. First, where the implementation of official policies or established customs cause the constitutional injury. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010). Second, where acts or omissions causing the constitutional injury amount to official policy of the municipality. Id. at 1249. Finally, where an official has ratified the

4

1
2
3
4
5
6

unconstitutional decision or action of an employee of the municipality. Id. at 1250. "A custom can be shown or a policy can be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Pierce v. County of Orange, 526 F.3d 1190, 1211 (9th Cir. 2008).

7
8
9
10
11
12
13
14
15
16
17

To find a municipality liable for a failure to act, the plaintiff must show that an employee of the municipality violated his constitutional rights, that the customs or policies of the municipality amount to deliberate indifference, and those "customs or policies were the moving force behind" the violation of plaintiff's constitutional rights. Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). For a custom or policy to be the moving force behind the constitutional violation, it must be "closely related to the ultimate injury." Long, 442 F.3d at 1190 (citations omitted). For plaintiff to prevail on a claim that the municipality failed to adopt and implement a policy, he must show that the failure to adopt was deliberately indifferent and that the deliberate indifference was a moving force behind the violation of his constitutional rights. Id. at 1186.

18
19
20
21
22

A policy can be one of action or inaction and "is defined as 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Waggy, 594 F.3d at 713 (quoting Monell, 436 U.S. at 589).

23
24
25
26
27

Plaintiff has failed to adequately allege municipal liability. The Complaint is void of any factual description of a specific policy, widespread practice, or ratified conduct that was the moving force behind the alleged violation. The Court will grant Plaintiff an opportunity to amend. In order to state a claim against the municipal Defendant, Plaintiff must allege

truthful facts that demonstrate specific Medical Department policies and practices were deliberately indifferent to his serious medical needs and the moving forces behind the alleged constitutional violations.

### B.   Inadequate Medical Care

Plaintiff alleges that Medical Department of Fresno County Jail provided constitutionally deficient care by failing to respond to his requests for fresh bandages.[1] "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Medical" needs include a prisoner's "physical, dental, and mental health." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).

The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

---

[1] It remains unclear from the pleadings whether Plaintiff had been convicted of a crime at the time of the alleged violations. Claims for failure to provide adequate care for serious medical needs, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment rather than the Eighth Amendment. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002.); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Gibson, 290 F.3d at 1187. The law applicable to Plaintiff's claim is the same regardless of his custody status.

6

1
2
3
4

The exceedingly brief factual allegations provided in the Complaint are not sufficient to satisfy either element of an Eighth Amendment medical claim.  Plaintiff alleges that at some point after a two inch section of his leg was removed, the bandage on his leg was no longer being changed.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

A serious medical need is one that "could result in further significant injury or the unnecessary and wanton infliction of pain" if left untreated.  McGuckin, 974 F.2d at 1059 (internal quotation marks omitted).  Indications of such a need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  Id. at 1059-60.  Plaintiff's allegations do suggest a serious medical condition that required the excision of material from his leg.  However, it is not the underlying condition which he puts in issue here. Rather, Plaintiff complains about the manner in which that condition was treated and the effect of the failure to treat it as he feels it should have been treated.  On amendment, Plaintiff needs to include factual allegations describing his basis for believing the bandages needed to be changed more often, keeping in mind that a mere disagreement with the chosen course of treatment will not support a claim. Perhaps more importantly, Plaintiff needs to describe an adverse effect of the bandages not having been changed more often. Plaintiff's opinion that his bandages needed to be changed, without more, does not satisfy the first element of his medical care claim.

24
25
26
27

Further, the Complaint does not allege deliberate indifference on the part of an individual Medical Department employee or the Department's policies or widespread practices.  Deliberate indifference is shown by "a purposeful act or failure to respond to a

prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).   The complete denial of medical attention may constitute deliberate indifference.  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).   Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  McGuckin, 974 F.2d at 1060.  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'"  Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The Complaint simply states that Plaintiff's requests for new bandages were ignored.  Plaintiff does not allege which Medical Department policy was the cause of his injury or whether he suffered injury at all.  The Complaint also fails to allege facts that support the inference that jail officials actually believed there was an excessive risk to Plaintiff's health.   Plaintiff must supply the Court with more than mere conclusory allegations; there must be adequate factual detail "'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).

The Court will grant Plaintiff an opportunity to file an amended Complaint.  In order to state a cognizable Eighth Amendment claim against the Defendant, Plaintiff must allege

8

truthful allegations that identify a policy, practice, or ratified act that was deliberately indifferent to Plaintiff's serious medical need.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

9

Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed April 1, 2010;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.

Dated:    January 31, 2012         /s/ Michael J. Seng
ci4d6                              UNITED STATES MAGISTRATE JUDGE

10