1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  BRIAN TURNER,                          CASE NO. 1:10-cv-564-MJS (PC)

10            Plaintiff,                  ORDER DISMISSING ACTION, WITH
                                          PREJUDICE, FOR FAILURE TO STATE
11       v.                               A CLAIM UPON WHICH RELIEF MAY
                                          BE GRANTED UNDER SECTION 1983
12  MEDICAL DEPT. OF FRESNO COUNTY        AND FOR FAILURE TO OBEY A COURT
    JAIL,                                 ORDER
13
                                          (ECF No. 11)
14            Defendant.
                                          ORDER THAT DISMISSAL IS SUBJECT
15                                        TO 28 U.S.C. § 1915(G)

16  _____ /

17

18       Plaintiff Brian Turner ("Plaintiff") is a former state prisoner proceeding pro se and

19  in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.  Plaintiff has

20  consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

21       On March 19, 2012, the Court issued an Order to Show Cause, ordering Plaintiff to

22  file an amended complaint by April 3, 2012.  (ECF No. 11.)  In the alternative, Plaintiff was

23  to show cause as to why his case should not be dismissed for failure to comply with a

24  Court order and failure to state a claim.  (Id.)  April 3, 2012, has passed without Plaintiff

25  complying with or otherwise responding to the Court's Order.

26       Local Rule 110 provides that "failure of counsel or of a party to comply with these

27  Rules or with any order of the Court may be grounds for imposition by the Court of any and

28  all sanctions . . . within the inherent power of the Court."  District courts have the inherent

1   power to control their dockets and "in the exercise of that power, they may impose

2   sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

3   Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

4   based on a party's failure to prosecute an action, failure to obey a court order, or failure to

5   comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

6   (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

7   (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

8   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

9   comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

10  v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

11  with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

12  for lack of prosecution and failure to comply with local rules).

13      In determining whether to dismiss an action for lack of prosecution, failure to obey

14  a court order, or failure to comply with local rules, the Court must consider several factors:

15  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

16  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

17  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

18  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

19  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

20      In the instant case, the Court finds that the public's interest in expeditiously resolving

21  this litigation and the Court's interest in managing its docket weigh in favor of dismissal.

22  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

23  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

24  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

25  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors

26  in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

27  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

28  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

1   779 F.2d at 1424.  The Court's Order expressly stated: "Failure to meet this deadline will

2   result in dismissal of this action." (ECF No. 11.)  Thus, Plaintiff had adequate warning that

3   dismissal would result from his noncompliance with the Court's Order.

4          Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is

5   HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon

6   which relief may be granted under section 1983 and failure to obey the Court's March 19,

7   2012, Order (ECF No. 11).  This dismissal is subject to the "three-strikes" provision set

8   forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, No. 08-15620, 2011 WL 4436248, at *4 (9th

9   Cir. Sept. 26, 2011).

10

11

12  IT IS SO ORDERED.

13  Dated:   April 13, 2012          /s/ *Michael J. Seng*

14                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -3-